IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-14-174-1 |
| | § | |
| ROSENDO PADILLA, JR., | § | |

MEMORANDUM OPINION AND ORDER

Defendant, federal prisoner register number 89203-179, filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 364.) He seeks appointment of counsel. (Docket Entry No. 365.) The Government filed a response in opposition (Docket Entry No. 366), to which defendant filed a reply (Docket Entry No. 367). Defendant has exhausted his administrative remedies, and the motions are ripe for disposition.

Having considered the motions, the response and reply, the record, matters of public record, and the applicable law, the Court DENIES the motion for compassionate release and DENIES AS MOOT the motion for appointment of counsel, as explained below.

Background

Defendant is a 45-year-old male prisoner who is currently confined at the Bureau of Prisons ("BOP") Butner Medium II FCI in Butner, North Carolina. Defendant pleaded guilty in August 2015 to conspiracy to make false statements in the acquisition of firearms

and felon in possession of a firearm. The Court sentenced him to 120 months' imprisonment, followed by a three-year term of supervised release. Judgment was entered on February 3, 2016. The sentence was ordered to run consecutively to defendant's sentence in his revocation of supervised release in United States v. Padilla, C.A. No. 1:08-CR-00183-1 (S.D. Tex.). (Docket Entry No. 306, p. 2.) Judgment of revocation in the latter case was entered February 2, 2016, and defendant was sentenced to 24 months' incarceration. Although the two sentences arise in different criminal cases, defendant refers to his incarceration as a "144-month sentence."

Defendant states that he has been incarcerated for nearly 7 years on his 144-month sentence. (Docket Entry No. 364, p. 4.) He filed his motion in the instant case only, which the Court construes as seeking a reduction in his 120-month sentence to time served. The BOP records show that defendant's anticipated release date is June 14, 2024.

As extraordinary and compelling reasons for a compassionate release, defendant states that "(1) his risk of catching COVID-19 and suffering the deadly consequences is high; (2) his years of incarceration is a striking contrast to the national average of sentences imposed for the same crime; (3) his family circumstances; (4) his extraordinary and compelling rehabilitation, viewed singularly or (5) viewed cumulatively[.]" Id., p. 1.

Defendant asks the Court to grant his motion, reduce his sentence to time served, and release him from prison so he may return home.

Legal Standards

Defendant brings his motion for sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion may be made by either the Director of the BOP or by a prisoner after the prisoner has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A). Compassionate release provisions under section 3582(c)(1)(A) authorize a court to modify a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. See U.S.S.G. § 1B1.13. However, the Fifth Circuit Court of Appeals recently held that the U.S. Sentencing Commission's compassionate release policy statement does not bind district courts in considering prisoners' motions under 18 U.S.C. § 3582(C)(1)(A). United States v. Shkambi, ___F.3d ____, No. 20-40543 (5th Cir. April 7, 2021). Accordingly, the district court is free to determine whether a defendant's particular medical or other condition constitutes extraordinary and compelling reasons for a compassionate release. See United States v. Gonzalez, 819 F. App'x 283, 284 (5th Cir. Sept. 4, 2020); United States v. Hernandez, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court."). A

defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in his case.

The court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a).

Thus, a defendant may be eligible for a compassionate release under section 3582(c)(1)(A) if the court finds "extraordinary and compelling reasons" to warrant a sentence reduction and that the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

## Analysis

Extraordinary and Compelling Reasons

Defendant asserts entitlement to a compassionate release for the following reasons: "(1) his risk of catching COVID-19 and suffering the deadly consequences is high; (2) his years of incarceration is a striking contrast to the national average of sentences imposed

4

for the same crime; (3) his family circumstances; (4) his extraordinary and compelling rehabilitation, viewed singularly or (5) viewed cumulatively[.]" (Docket Entry No. 364, p. 1.)

In support of his medical concerns, defendant submits approximately 100 pages of medical record excerpts. (Docket Entry No. 364, Exhibit D.) The Court has carefully reviewed the records, and finds that they show defendant was diagnosed with asthma, which is being treated with inhalers. His last significant asthmatic episode was in May 2019, and was successfully treated with oral and inhaled steroids. His medical providers noted that he had been using his asthma inhalers improperly, and instructed him on their proper use. His allergies were treated with prescription medications, as they were noted to be asthma triggers. Defendant reported several incidents of allergies and congestion throughout 2018 and 2019, which were evaluated and treated. More than once he was instructed to stop over-use of his inhalers, as it caused a rebound exacerbation of his symptoms. His BMI was reported as borderline obesity at 30.9. (Docket Entry No. 364-4, p. 2.) Medical staff reviewed his requests for a compassionate release and determined that he did not qualify. Id., p. 8. The records do not reflect a diagnosis of primary or essential hypertension or treatment for hypertension.

Defendant's medical records show that he is receiving medical care and treatment for his asthma, and that his weight is borderline obese. Defendant does not show that his asthma or 30.9 BMI are causing him to have an elevated risk for death or serious injury

should he contract COVID-19, or that his ability for self-care has been impaired. The Fifth Circuit has held that fear of COVID-19, standing alone, does not warrant compassionate release. See United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021).

Nor does he show an increased risk of serious illness or death from COVID-19 due to his confinement at Butner Medium II FCI. The facility currently reports having one prisoner with a positive COVID-19 test result. A total of 433 prisoners have recovered from COVID-19 infections at the facility, with three reported inmate deaths.[1] Although defendant expresses legitimate and common concerns regarding COVID-19, he does not establish that his facility cannot manage an outbreak or that the facility could not treat him if he were to contract the virus. Moreover, the BOP reports that it is working with the CDC and the federal government's COVID-19 Vaccine/Therapeutics Operation to ensure the BOP remains prepared to receive and administer the COVID-19 vaccine as it is made available. The BOP has received 122,935 doses and administered 125,481 doses of the COVID-19 vaccine as of April 11, 2021.[2] Defendant does not establish that his current confinement gives rise to extraordinary and compelling reasons for granting him a compassionate release.

---

[1] See https://www.bop.gov/coronavirus/ (accessed on April 11, 2021).

[2] See https://www.bop.gov/coronavirus/ "COVID-19 Vaccine Implementation" (accessed on April 11, 2021).

Defendant further contends he is entitled to a compassionate release due to reduced family income, the needs of his family, and prison rehabilitation efforts. These factors, standing alone or considered together, do not constitute extraordinary and compelling reasons for granting relief in this case.

No extraordinary and compelling reasons for a compassionate release are shown by defendant's factual circumstances presented in this motion. Nevertheless, the Court will address the applicable sentencing factors under 18 U.S.C. § 3553(a), as follows.

Sentencing Factors

Defendant does not demonstrate that the applicable factors set forth under 18 U.S.C. § 3553(a) weigh in favor of his early release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

United States v. Chambliss, 948 F.3d 691, 693 n.3 (5th Cir. 2020); 18 U.S.C. § 3553(a).

Defendant pleaded guilty to conspiracy to make false statements in the acquisition of firearms and felon in possession of a firearm. Defendant stated in open court and in writing that the following factual basis for his guilty plea was true and correct:

> Beginning on or about November 13, 2013, and continuing thereafter until March 31, [2014], in the Houston Division of the Southern District of Texas and elsewhere, the defendant, Rosendo Padilla, Jr., and others known and

7

> unknown, knowingly conspired with each other in connection with the acquisition of firearms by making false statements and representations to licensed firearms dealers. The false statements were made on the AFT forms 4473's, wherein the straw purchaser of the firearms knowingly made false statements that they were the actual buyers of the firearms, when in fact the firearms were purchased for [defendant] and others. The straw purchasers would buy the firearms with money provided by [defendant and his codefendant]. Once the firearms were bought by the straw purchasers, the firearms would be turned over to [defendant] or [his codefendant] and the straw purchasers would be paid for their services. Specifically, on December 1, 2013, a codefendant purchased three firearms at the direction of, and for, [defendant]. The codefendant falsely stated on the form 4473 that he was the actual buyer when it was [defendant] and [his codefendant]. The codefendant delivered the guns to [defendant's] apartment. Approximately eighty (80) firearms were purchased during this conspiracy, ten (10) of which were recovered in Mexico.
>
> The defendant also has a prior felony conviction for Harboring Certain Aliens within the United States in Cause Number 1:08CR00183-001, in the United States District Court in the Southern District of Texas on July 18, 2008, for which the defendant was sentenced to twelve months imprisonment, and for which the maximum range of punishment is up to five years.
>
> On March 27, 2014, agents were on surveillance at a location in Pasadena, Texas, where [defendant] and a codefendant were observed placing several AK-47 and AR-15 type rifles into a red Ford F-150. Among the firearms observed by surveillance to be placed in the F-150 by [defendant] and his codefendant were a Bushmaster, XM 15, serial number L528469 (Utah); a Romarm, WARS 10, serial number 1973EZ4334 (Romania); and a Century Arms 1960, serial number 196001637 (Minnesota).
>
> An ATF interstate nexus agent examined the firearms and determined that the firearms affected interstate commerce in that they were manufactured outside the state of Texas and were located in the state of Texas.

(Docket Entry No. 198, pp. 6–8.)

Defendant's adult criminal conduct commenced at age 20, with a jury conviction for burglary of a motor vehicle in Harris County, Texas followed by a drug conviction at age 29 in Cameron County. (Docket Entry No. 250, ¶ ¶ 46, 47.) At age 30, he was convicted for family violence in Cameron County, and given a 12-month probated sentence. He violated the terms of his probation and was incarcerated. Id., ¶ 48.

At age 32, defendant was convicted in federal court of harboring certain aliens, and sentenced to 12 months' imprisonment followed by a three-year term of supervised release. United States v. Padilla, C.A. No. 1:08CR00183-001 (S.D. Tex.). Defendant violated the terms of his supervised release in 2011; his supervised release was revoked and he was sentenced to 9 months' incarceration followed by a 27-month term of supervised release. Defendant subsequently violated the terms of his supervised release a second time, partially through commission of the underlying offenses in the instant case. His supervised release was revoked and this Court sentenced him to a 24-month term of imprisonment to run consecutively to the instant sentences. His appeal of the revocation and sentence was dismissed as frivolous. He was also convicted of causing a motor vehicle accident with damage in 2011 at age 35, to which he pleaded guilty in exchange for a 180-day sentence. (Docket Entry No. 250, ¶ 50.)

In his PSR in the instant case, defendant's criminal history was calculated at category VI, with an offense level of 34. The Court sentenced defendant to 120 months' imprisonment for the convictions in the instant case, to run consecutively to his 24-month

revocation sentence in United States v. Padilla, C.A. No. 1:08CR00183-001 (S.D. Tex.). (Docket Entry No. 306, p. 2.)

Defendant argues that the 24-month revocation sentence was extreme and that the revocation was based on an invalid misdemeanor conviction for causing a motor vehicle accident with damage. The Court will not consider defendant's challenge to his 24-month sentence, as it was imposed in a different case, United States v. Padilla, C.A. No. 1:08-CR-00183-1 (S.D. Tex.). Nor will the Court address defendant's challenges to the validity of his 2011 state misdemeanor conviction and 180-day sentence for causing a motor vehicle accident with damages; defendant pleaded guilty to that offense and may not collaterally attack it through his motion for a compassionate release. To the extent defendant's challenges can be reviewed in context of section 3553(a) sentencing factors, the Court finds that his complaints regarding the 2011 misdemeanor offense and the 2016 24-month revocation sentence provide very little weight, if any, in favor of a compassionate release.

Nor does the Court find persuasive defendant's unsupported argument that his 120-month sentence created a harsh disparity between his case and similar offenses across the nation. Indeed, the Court imposed a sentence below the guideline range in defendant's case.

Defendant's completion of prison classes and programs is beneficial on many levels, but provides little weight for purposes of the sentencing factors in this Court's view. Moreover, it is understandable that defendant's family members would like for him to

return home and help provide for their welfare; however, these family issues provide little to no weight in context of section 3553(a) considerations.

Defendant's criminal history and conduct reflect an unabated propensity for crime. Although defendant claims to be a non-violent offender, his prior conviction for family violence refutes his claim. Moreover, defendant's current crimes involved firearms, specifically, the unlawful acquisition and possession of eighty or more firearms. Defendant was arrested for these offenses while on supervised release from an earlier federal conviction for harboring certain aliens. Indeed, it was his second revocation in that case.

Consideration of the applicable sentencing factors leads this Court to conclude that relief under 18 U.S.C. § 3582(C)(1)(A) is not merited in this case. The Court finds that reducing defendant's sentence to time served would not promote respect for the law, provide just punishment, or afford adequate deterrence.

## Conclusion

For these reasons, defendant's motion for compassionate release (Docket Entry No. 364) is DENIED. Defendant's motion for appointment of counsel (Docket Entry No. 365) is DENIED AS MOOT.

Signed at Houston, Texas, on April __16__, 2021.

Gray H. Miller
Senior United States District Judge